# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:11CV592-MOC-DSC

| | |
|---|---|
| LINDSAY WILLIAMS,<br>   Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>   Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum ... in Support ..." (document #12), both filed May 21, 2012; and Defendant's "Motion for Summary Judgment" (document #16) and "Memorandum in Support ... " (document #17), both filed August 17, 2012.  This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On April 24, 2005, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") alleging that he became disabled as of April 6, 2005. Plaintiff's application was denied initially and on reconsideration. A hearing was held on November 6, 2008. On February 4, 2009, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's

claim. Plaintiff filed a Request for Review with the Appeals Council. On March 10, 2010, the Appeals Council remanded the matter for a new hearing. The new hearing was held June 8, 2010. (Tr. 85-131).

On August 13, 2010, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits. (Tr. 14-27). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. The ALJ then found that Plaintiff suffered from status post rib cage injury with residuals and degenerative disc disease which were medically determinable "severe impairments," but that those impairments did not meet or medically equal any of the listings in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ went on to find that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] with limitations including: simple, routine, repetitive tasks allowing for alternating sitting for an hour and standing for thirty minutes throughout the day; not walking more than one hundred yards at a time; not sitting, standing, or walking for more than a total of six hours during a workday for each activity; and no concentrated exposure to hazards. (Tr. 25-27). The ALJ determined that Plaintiff could not perform his past relevant work.

The ALJ then properly shifted the burden to the Commissioner to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("VE") identified three light jobs (storage

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]"Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

2

rental clerk, laundry folder, and electronic worker) that the Plaintiff could perform and stated that more than 3,860 of those jobs existed in North Carolina. The ALJ found that the VE's testimony provided substantial evidence that there were a significant number of jobs in the national economy that Plaintiff could perform and thus he was not disabled. (Tr. 28).

By notice dated September 19, 2011, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on November 18, 2011. Plaintiff presents three assignments of error: (1) that the ALJ's interruptions during his counsel's cross-examination of the VE denied him a full and fair hearing, (2) that the ALJ improperly evaluated his credibility, and (3) that there was not substantial evidence to support the ALJ's Step Five determination. See Plaintiff's "Memorandum in Support ..." at 1, 10-23 (document #12). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

3

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In <u>Smith v. Heckler</u>, 782 F.2d 1176, 1179 (4th Cir. 1986), <u>quoting</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

<u>See also</u> <u>Seacrist v. Weinberger</u>, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. <u>Hays v. Sullivan</u>, 907 F.2d at 1456 (4th Cir. 1990); <u>see also</u> <u>Smith v. Schweiker</u>, 795 F.2d at 345; <u>and</u> <u>Blalock v. Richardson</u>, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. <u>Lester v. Schweiker</u>, 683 F.2d 838, 841 (4th Cir. 1982).

## III. <u>DISCUSSION OF CLAIM</u>

The question before the ALJ was whether the Plaintiff became "disabled" at any time, as that term of art is defined for Social Security purposes.[3] Plaintiff argues that he did not receive a

---

[3]Under the Social Security Act, 42 U.S.C. § 301, <u>et seq.</u>, the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

full and fair hearing. (Pl.'s Br. at 10). In support of this claim, Plaintiff asserts that he was deprived of the opportunity to cross-examine the VE. A disability claimant is entitled to a "full and fair hearing." Richardson v. Perales, 402 U.S. 389, 401-402 (1971). The right to a full and fair hearing includes the claimant's right to question the VE. See Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-6-74(C).

Social Security proceedings are not adversarial and the ALJ has a duty to develop the record. This duty includes control over the examination of witnesses. "[W]hile '[t]he claimant and the representative have the right to question the VE fully on any pertinent matter within the VE's area of expertise[,] . . . the ALJ will determine when they may exercise this right and the appropriateness of any questions asked or answers given.'" Libby v. Astrue, No. 10-292, 2011 WL 2940738, at *13 (D. Me. July 19, 2011) (quoting Social Security Administration, Office of Disability Adjudication and Review, Hearings, Appeals and Litigation Law Manual ("HALLEX") § I-2-6-74(C)).

The Court has reviewed the transcript of the hearing and concludes that the ALJ properly interposed questions or comments during cross-examination by Plaintiff's counsel. The record reflects that the ALJ interrupted Plaintiff's counsel during his questioning of the VE at the hearing, but he did not prevent Plaintiff's counsel from pursuing his own line of questioning. The hearing transcript reflects that the ALJ clarified some ambiguities in the line of questioning posed by Plaintiff's counsel. (See Tr. 118-119 ([L]et's do this. I was about to give a different hypothetical to amend it. Let me do that. I'm going to do that, and then, counsel, do you want to come back and resume where you are? That's fine.")) Plaintiff has not shown any questions that were left unanswered by the VE. The hearing transcript reflects that Plaintiff's counsel was able to ask the VE all of the questions he intended to ask. ("Counsel...you're still free to examine for whatever purposes you choose." (Tr. 121)). Plaintiff's counsel concluded by stating: "so just to finish up the

5

point–and then I believe I'll be done...Okay, that's all I have, your honor." (Tr. 126-127).

At one point during the hearing, Plaintiff asserts that the ALJ went off the record and berated his counsel. Even assuming <u>arguendo</u> that Plaintiff's characterization of the off the record discussion is accurate, he has not demonstrated that the ALJ impeded the conduct of the hearing. The hearing resumed with a full line of questioning by Plaintiff's counsel. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 546 (1994) (requiring that evidence be presented that demonstrates "deep-seated and unequivocal antagonism that would render fair judgment impossible").

The ALJ properly asked the VE a hypothetical which included all the limitations found in the RFC . The ALJ's reliance on the VE's testimony was entirely reasonable.

Plaintiff next argues that at Step Five, the ALJ improperly relied on VE testimony that he could perform work existing in significant numbers in the national economy. Specifically, Plaintiff argues that the reasoning development levels required for the jobs the VE suggested exceed his capabilities as reflected in his RFC.

Plaintiff's RFC for simple, routine, repetitive work is equivalent to the capacity for "unskilled work." <u>Social Security Ruling (SSR) 85-15, Capability to Do Other Work– the Medical Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments</u>, 1985 WL 56857 at *4 (November 30, 1984) (noting that unskilled work includes the capacity for simple work). The VE suggested unskilled jobs that require a "reasoning development level" of two and three.

According to the Dictionary of Occupational Titles ("DOT"), a reasoning development level of two describes a job that requires an employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [, and d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App. C. 02 Level Reasoning

Development. A reasoning development level of three describes a job that requires an employee to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C. 03 Level Reasoning Development.

Plaintiff argues that his capability for unskilled work is inconsistent with these definitions. However, "[t]he requirements of GED reasoning level three are consistent with a limitation to simple, unskilled work." Thacker v. Astrue, Civil No. 3:11CV246-GCM-DSC, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011).

Courts in the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have recently held that there is no conflict between a job classified at reasoning level three and a limitation to simple, routine, unskilled work. See, e.g., Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (holding there is no conflict between jobs classified at reasoning level three and a limitation to "simple, unskilled work"); Hurtado v. Astrue, No. 09-60930, 2010 WL 1850261, at *11 (S.D. Fla. Apr. 14, 2010) (holding there is no conflict between mail clerk job classified at reasoning level three and limitation to "simple routine tasks," and noting that "[m]ost courts which have addressed this issue have held that the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks, and thus no conflict existed between the VE's job descriptions and the DOT"); Cottman v. Astrue, No. BPG-08-1753, 2009 WL 4884506, at *6 n.5 (D. Md. Dec. 9, 2009) ("The ALJ's determination that plaintiff could only perform simple tasks, however, is not necessarily inconsistent with a finding that plaintiff can perform the job of surveillance systems monitor"); Webb v. Astrue, No. 4:08-CV-747-Y, 2010 WL 1644898, at *12 n.10 (N.D. Tex. Mar. 2, 2010) ("A job as a city bus driver that requires a [GED reasoning level] of three is not necessarily inconsistent with an RFC that includes only the ability to perform simple, routine work tasks");

Robinson v. Astrue, No. 4:08CV1980MLM, 2010 WL 481045, at *18 (E.D. Mo. Feb 4, 2010) ("reasoning level three is consistent with limitations to simple, repetitive and routine tasks"); Blanchard v. Astrue, No. 09-1143-SAC, 2010 WL 2925180, at *11-12 (D. Kan. July 21, 2010) (affirming the Commissioner's decision that claimant could perform the surveillance system monitor job despite a limitation to "simple, routine, repetitive work that is as stress free as possible"); Koontz v. Astrue, No. 08-2153-LAB (WVG), 2010 WL 3339388, at *8-9 (S.D. Cal. July 26, 2010) ("there is no conflict between simple repetitive work and reasoning levels of 2 and 3").

Because the ALJ limited Plaintiff to unskilled work, and the VE suggested jobs with a reasoning development level of three or lower, there was no conflict between the VE's testimony and the DOT.

The VE was also entitled to limit the numbers of jobs available based on her experience. See SSR 00-4p Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, 2000 WL 1898704, at *2 (December 4, 2000)("[i]nformation about a particular job's requirements" may be obtained "from a VE's or VS's experience in job placement or career counseling") The VE properly considered Plaintiff's need for a sit/stand option and a limitation of walking no more than one hundred yards. She also properly considered job information generated by Occupational Employment Quarterly (OEQ) codes. An "expert opinion which relies upon the information or opinion of others is acceptable, provided it is the sort of opinion reasonably relied on by experts in the relevant area of expertise." Bouygues Telecom, S.A. v. Tekelec, 472 F. Supp. 2d 722 (E.D.N.C. 2007).

Plaintiff finally argues that the ALJ's assessment of his credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the

8

existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's status post rib cage injury with residuals and degenerative disc disease – which could be expected to produce some of the pain he claims. Accordingly, the ALJ found Plaintiff to have met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.")

The ALJ found that Plaintiff's anxiety was controlled by medication. Plaintiff reported that he only suffered episodic back pain, that he was "busy at work painting house," and that he was doing well and responding to medication. There were gaps in Plaintiff's medical treatment, and he failed to report the limitations he claimed at the hearing to his physicians. (Tr. 18-19, 22). "The only

9

fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994). "[A]n unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility." Id. at 930. Plaintiff offers no additional evidence that the ALJ overlooked, nor does he dispute these facts. Substantial evidence supports the ALJ's credibility determination.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo

review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn.

**SO RECOMMENDED AND ORDERED**.

Signed: August 27, 2012

David S. Cayer
United States Magistrate Judge