```
IN THE DISTRICT COURT OF THE UNITED STATES
 FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                CHARLOTTE DIVISION
                     3:11cv592
```

| | |
|---|---|
| LINDSAY WILLIAMS,            ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | |
| Vs.                          ) | ORDER |
|                              ) | |
| MICHAEL J. ASTRUE,           ) | |
| Commissioner of Social Security, ) | |
|                              ) | |
|     Defendant.               ) | |
|                              ) | |

**THIS MATTER** is before the court on the plaintiff's Motion for Summary Judgment (#11), the Commissioner's Motion for Summary Judgment (#16), and the Memorandum and Recommendation of Honorable David S. Cayer, United States Magistrate Judge (#17). The court has before it plaintiff's Objections (#18). The court has considered the Objections in light of the recommendation as well as the Administrative Record (#9), and the matter is now ripe for determination.

**FINDINGS AND CONCLUSIONS**

**I.     Introduction**

Plaintiff has not objected to the Procedural History as set forth on pages one through three of the M&R or the Standard of Review as set forth on pages three and four; therefore, the court fully adopts such sections of the M&R.  Plaintiff has, however, made the following objections:

(1)   Plaintiff was not afforded a full and fair hearing of his claim by the ALJ;

(2)    The M&R incorrectly holds that the ALJ properly relied upon the testimony of the VE;

(3) The M&R incorrectly holds the Defendant met his burden at Step 5 of the Sequential Evaluation Process;

(4) The Plaintiff was not allowed his time to file a Response to the Defendant's Motion for Summary Judgment as provided in LCvR 7.1(E); and

(5) The M&R incorrectly holds the ALJ properly determined Mr. Williams' credibility.

Each objection will be addressed in turn.

## II. Standard of Review of a Memorandum and Recommendation

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Judge Cayer's M&R.

## III. Standard of Review of Final Agency Action

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision,

**2**

Case 3:11-cv-00592-MOC-DSC   Document 19   Filed 10/05/12   Page 2 of 10

Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390; see Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996). The decision must be based on the record as a whole. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). The appellate court has emphasized that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."). If the Commissioner's decision is supported by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**IV.   Discussion**

    **A.   The Magistrate Judge's Determination**

The court has carefully considered Judge Cayer's Memorandum and Recommendation, plaintiff's Objections, and the Administrative Record. Based on such review, the court finds that Judge Cayer correctly determined that

"[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (*citing* Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC, and his ultimate determination that Plaintiff was not disabled.

M&R, (#17), at p. 10.

### B. Plaintiff's Objections

#### 1. Full and Fair Hearing

In his objection, plaintiff contends that he was not afforded a full and fair hearing of his claim by the ALJ. Plaintiff has not, however, posed this issue in the form of an objection to the recommendation, but instead appears to reargue this as he did in his initial brief. On this point, Judge Cayer held in relevant part, as follows:

> Social Security proceedings are not adversarial and the ALJ has a duty to develop the record. This duty includes control over the examination of witnesses. "[W]hile '[t]he claimant and the representative have the right to question the VE fully on any pertinent matter within the VE's area of expertise[,] . . . the ALJ will determine when they may exercise this right and the appropriateness of any questions asked or answers given.'" Libby v. Astrue, No. 10-292, 2011 WL 2940738, at *13 (D. Me. July 19, 2011) (*quoting* Social Security Administration, Office of Disability Adjudication and Review, Hearings, Appeals and Litigation Law Manual ("HALLEX") § I-2-6-74(C)).
>
> The Court has reviewed the transcript of the hearing and concludes that the ALJ properly interposed questions or comments during cross-examination by Plaintiff's counsel. The record reflects that the ALJ interrupted Plaintiff's counsel during his questioning of the VE at the hearing, but he did not prevent Plaintiff's counsel from pursuing his own line of questioning. The hearing transcript reflects that the ALJ clarified some ambiguities in the line of questioning posed by Plaintiff's counsel. (See Tr. 118-119 ([L]et's do this. I was about to give a different hypothetical to amend it. Let me do that. I'm going to do that, and then, counsel, do you want to come back and resume where you are? That's fine.")) Plaintiff has not shown any questions that were left unanswered by the VE. The hearing transcript reflects that Plaintiff's counsel was able to ask the VE all of the questions he intended to ask. ("Counsel...you're still free to examine for whatever purposes you choose." (Tr. 121)). Plaintiff's counsel concluded by stating: "so just to finish up the point–and then I believe I'll be done...Okay, that's all I have, your honor." (Tr. 126-127).

4

> At one point during the hearing, Plaintiff asserts that the ALJ went off the record and berated his counsel. Even assuming arguendo that Plaintiff's characterization of the off the record discussion is accurate, he has not demonstrated that the ALJ impeded the conduct of the hearing. The hearing resumed with a full line of questioning by Plaintiff's counsel. *See* Liteky v. United States, 510 U.S. 540, 546 (1994) (requiring that evidence be presented that demonstrates "deep-seated and unequivocal antagonism that would render fair judgment impossible").
>
> The ALJ properly asked the VE a hypothetical which included all the limitations found in the RFC . The ALJ's reliance on the VE's testimony was entirely reasonable.

M&R, pp. 5-6. The court cannot find that this conclusion by Judge Cayer is clearly erroneous, contrary to law, or not supported by the administrative record. Indeed, such determination by Judge Cayer is that of a seasoned jurist. Further, the court's own review of the Administrative Record has lead it to the same conclusion reached by Judge Cayer, to wit, that plaintiff did in fact have a full and fair hearing before the ALJ. Richardson v. Perales, 402 U.S. 389, 401-402 (1971).

Plaintiff's objection is overruled.

### 2. Reliance on the Testimony of the VE

Plaintiff next argues that the magistrate judge incorrectly held that the ALJ properly relied upon the testimony of the VE. In support of such objection, plaintiff has repackaged the same argument he presented to Judge Cayer in support of his underlying argument that the ALJ improperly relied on the VE testimony because the reasoning levels required for the jobs the VE suggested exceeded plaintiff's capabilities as reflected in his RFC. The court hereby adopts the reasoning of Judge Cayer in full as it is fully supported by the Administrative Record and current law. See M&R, pp. 6-8.

Plaintiff's objection is overruled.

5

### 3. Step Five Analysis

Plaintiff next contends that the magistrate judge incorrectly held that the defendant met his burden at Step Five of the Sequential Evaluation Process. Again, plaintiff reargues his initial brief and concludes that because the testimony of the VE failed to "state the incidence of the jobs she identified" her testimony is not substantial evidence. Objections (#18), p. 4. Contrary to plaintiff's objection, Judge Cayer found, as follows:

> The ALJ then properly shifted the burden to the Commissioner to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("VE") identified three light jobs (storage rental clerk, laundry folder, and electronic worker) that the Plaintiff could perform and stated that more than 3,860 of those jobs existed in North Carolina. The ALJ found that the VE's testimony provided substantial evidence that there were a significant number of jobs in the national economy that Plaintiff could perform and thus he was not disabled. (Tr. 28).

M&R, at pp. 2-3. Having reviewed the record, the understands agree with Judge Cayer that the VE's testimony provided substantial evidence of a significant number of jobs available in both the local and national economies that plaintiff had the RFC to perform. Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any. Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight. Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984). Because plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was proper.

Plaintiff's objection is overruled.

6

### 4. Time to File a Response

Next, plaintiff contends that the Plaintiff was not "allowed his time to file a Response to the Defendant's Motion for Summary Judgment as provided in LCvR 7.1(E)." Plaintiff fails, however, to acknowledge the inapplicability of the cited Local Rule to Social Security proceedings, as has been made clear by this court in the final paragraph of Local Civil Rule 7.1(E), which provides in relevant part, as follows:

> In an action seeking judicial review of a final administrative decision, the court may enter a Scheduling Order providing for the filing of cross motions for summary judgment or other relief with no responsive or reply briefs allowed. Where such a Scheduling Order is entered, the briefing requirements of Local Civil Rule 7.1(E) are preempted by the requirements of the Scheduling Order. Examples of such actions include, but are not limited to, <u>Social Security disability and Supplemental Security Insurance benefit actions</u> and ERISA claims.

L.Cv.R. 7.1(E) (emphasis added). Review of the Docket in this matter reveals that a standard Social Security Scheduling Order (#10) providing for filing of cross motions was entered and that plaintiff never moved for leave to file a response to the government's motion. Counsel for plaintiff is cautioned that, in the future, similar objections will be summarily denied.

Plaintiff's objection is overruled.

### 5. Claimant's Credibility

Finally, plaintiff contends that the magistrate judge incorrectly held that the ALJ properly determined Mr. Williams' credibility. Plaintiff contends that the ALJ's credibility determination was improper because "the ALJ only cites to irrelevant evidence that is prior to the alleged onset of disability date." Objections, p. 6. Review of the Administrative Record reveals that plaintiff initially alleged an onset date of April 6, 2005, which counsel amended at the administrative hearing to be August 22, 2007. A.R., p. 17. Even taking the later onset date, the ALJ specifically cited

evidence dated August 28, 2007, that tended to diminish plaintiff's subjective complaints, holding as follows:

> Dr. Kwon prescribed Meloxicam, and on August 28, 2007, when he last treated the claimant he reported that claimant said that he was better with use of that medication. Dr. Kwon found that the claimant had only mild lumbar tenderness, and also found that he had full range of motion and muscle strength and a negative straight leg raise.

A.R., p. 19. The ALJ also cited and summarized later medical evidence from 2007, 2008, 2009, 2010. Further, the ALJ did not simply rely on the absence of medical proof supporting the allegedly disabling pain reported by plaintiff; rather, he clearly considered and cited to plaintiff's daily activities and regimen of medication post-dating the revised date on onset.

Thus, it is clear to this court that the ALJ did not just rest on the absence of objective proof of pain, but considered a wealth of post-onset evidence related to plaintiff's activities of daily living and the steps he took in coping with his ailments. In considering an almost identical method of evaluating subjective symptoms in Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), the late K. K. Hall, Circuit Judge, in announcing and concurring in the judgment of the Court of Appeals for the Fourth Circuit, held:

> This refreshing mode of analysis is precisely what I believe our cases have been striving for. The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.

Id., at 921. In accordance with Mickles, the ALJ properly discredited plaintiff's subjective complaints by considering and citing to plaintiff's activities of daily living, A.R., p. 20, and the fact that plaintiff took only over-the-counter remedies for pain he contended was disabling. A.R., p. 23. In accordance with Mickles, the ALJ properly discredited plaintiff's subjective complaints of pain. In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

**8**

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id., (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). Clearly, the ALJ has satisfied the requirements of Hammond, and substantial evidence supports the ALJ's determinations.

Plaintiff's objection is overruled.

## V. Conclusion

The court has carefully considered Judge Cayer's Memorandum and Recommendation, plaintiff's Objections, and the Administrative Record. Based on such review, the court overrules plaintiff's Objections, finds that Judge Cayer correctly determined that the ALJ's decision was based on substantial evidence, and the court adopts the M&R as the decision of this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Objections (#18) are **OVERRULED**;

(1) The Commissioner's Motion for Summary Judgment (#16) is **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment (#11) is **DENIED**;

(3) The Commissioner's decision is **AFFIRMED**; and

(4) Plaintiff's claim is hereby **DISMISSED**.

A judgment consistent with this Memorandum of Decision and Order shall be entered simultaneously herewith by the Clerk of Court.

Signed: October 5, 2012

Max O. Cogburn Jr.
United States District Judge